92 F.3d 1207
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Arturo WEAVER, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 96-3115.
 United States Court of Appeals, Federal Circuit.
 July 12, 1996.
Rehearing Denied Aug. 7, 1996.
 
 Before ARCHER, Chief Judge, and MICHEL and RADER, Circuit Judges.
 
 DECISION
 ARCHER
 
 1
 Arturo Weaver appeals the decision of the Merit Systems Protection Board (MSPB or board) upholding the decision of the Department of Justice, Immigration and Naturalization Service (INS), finding Mr. Weaver ineligible for retirement credit under 5 U.S.C. § 8336(c)(1), as a law enforcement officer (LEO) for his service with the INS. We affirm.
 
 DISCUSSION
 
 2
 Mr. Weaver worked at the INS Processing Center in Port Isabel, Texas, as a Heavy Mobile Equipment Mechanic from 1973 to 1995. By letter dated January 31, 1994, Mr. Weaver requested retirement benefits under § 8336(c)(1) for law enforcement officers. The INS denied Mr. Weaver's request by decision dated April 12, 1995.
 
 
 3
 Section 8336(c)(1) allows for early retirement of law enforcement officers and provides that an "employee who is separated from the service after becoming 50 years of age and completing 20 years of service as a law enforcement officer ... is entitled to an annuity." A "law enforcement officer" is defined as "an employee, the duties of whose position are primarily the investigation, apprehension, or detention of individuals suspected or convicted of offenses against the criminal laws of the United States." 5 U.S.C. § 8331(20) (emphasis added). Section 8331(20) further provides:
 
 
 4
 For the purpose of this paragraph, "detention" includes the duties of--
 
 
 5
 (A) employees of the Bureau of Prisons and Federal Prison Industries, Incorporated;
 
 
 6
 (B) employees of the Public Health Service assigned to the field service of the Bureau of Prisons or of the Federal Prison Industries, Incorporated;
 
 
 7
 (C) employees in the field service at Army or Navy disciplinary barracks or at confinement and rehabilitation facilities operated by any of the armed forces; and
 
 
 8
 (D) employees of the Department of Corrections of the District of Columbia, its industries and utilities;
 
 
 9
 whose duties in connection with individuals in detention suspected or convicted of offenses against the criminal laws of the United States or of the District of Columbia ... require frequent (as determined by the appropriate administrative authority with the concurrence of the Office) direct contact with these individuals in their detention, direction, supervision, inspection, training, employment, care, transportation, or rehabilitation.
 
 
 10
 On appeal, the board considered whether Mr. Weaver's duties were primarily the investigation, apprehension, or detention of individuals suspected or convicted of offenses against the criminal laws of the United States. The board found that as a Heavy Mobile Equipment Mechanic, Mr. Weaver's duties consisted of the maintenance, repair, modification, and overhaul of government vehicles, and that he often recruited and supervised detainees to assist in his work and could not have performed a variety of his expected tasks without the detainee labor. Thus, the board found that Mr. Weaver came in frequent direct contact with individuals who were suspected or convicted of criminal offenses under United States law. Nonetheless, the board concluded that Mr. Weaver did not establish that the primary duties of his position were to detain individuals suspected or convicted of offenses against the criminal laws of the United States. The board stated that Mr. Weaver did not show how his interactions with detainees constituted the basic reason for the existence of his position or show that the bulk of his time was spent detaining, directing, supervising, inspecting, training, employing, caring for, transporting, or rehabilitating detainees. Thus, the board concluded that Mr. Weaver's use of detainee details was incidental to the duties of his position.
 
 
 11
 Our review of the decision of the MSPB is limited to determining whether it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994).
 
 
 12
 Before this court, Mr. Weaver does not contest the finding that his duties were not primarily that of a law enforcement officer. Indeed, that finding is supported by substantial evidence. Mr. Weaver's duties primarily consisted of maintenance and repair of government vehicles.
 
 
 13
 Mr. Weaver argues, however, that because the board found that he had frequent direct contact with detainees, he satisfies the second part of § 8331(20). Mr. Weaver, however, did not work in one of the positions enumerated in the second part of § 8331(20) and has, thus, not shown that portion of the statute to be applicable. See Obremski v. Office of Personnel Management, 699 F.2d 1263, 1270 (D.C.Cir.1983). The board therefore did not consider the second part of the statute and properly dealt only with the question of whether under the first part of the statute Mr. Weaver's duties were primarily law enforcement.
 
 
 14
 Mr. Weaver also argues that his appeal was procedurally deficient because he was not allowed to appeal to the Office of Personnel Management (OPM). Between the time Mr. Weaver filed his appeal with the INS and the INS issued its decision, OPM issued new regulations delegating authority to make a final determination regarding LEO credit to the employing agency. Mr. Weaver claims the INS delayed seventeen months [sic] in issuing its decision and because of that delay he was deprived of his right to appeal to OPM. We are not persuaded by this argument. Mr. Weaver has not shown that the INS was required to issue its decision within any time frame or that it delayed issuing its decision for the purpose of preventing Mr. Weaver from appealing to OPM. Further, Mr. Weaver has failed to show that he was entitled to an appeal to OPM. OPM delegated the authority to make final LEO credit determinations to the employing agency and Mr. Weaver has not shown that OPM lacked the authority to make or otherwise improperly made this delegation. In all events, Mr. Weaver obtained review of the agency action by the board and, thus, has not demonstrated any prejudice as a result of the alleged INS delay in issuing a decision.